UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRYLE S. McDOWELL,

    Petitioner,

v.                                            Case No. 05-C-0498

PHILLIP KINGSTON,

    Respondent.

**ORDER GRANTING CERTIFICATE OF APPEALABILITY
AND MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner Derryle S. McDowell has filed a notice of appeal from this court's order denying his petition for a writ of habeas corpus. He has also filed with this court a motion for leave to proceed *in forma pauperis* and a request for a certificate of appealability. Both will be granted.

Before a state prisoner seeking federal habeas may take an appeal to the Seventh Circuit, the district court must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463, 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it

must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In his petition for federal habeas corpus, McDowell claimed he was entitled to relief because his Sixth Amendment right to the effective assistance of counsel was violated when at his trial his attorney, believing that he intended to commit perjury, abruptly switched from a question-and-answer direct examination to a narrative questioning format without previously advising his client of his intent to do so. There is no dispute that in doing so, counsel's performance was deficient within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984). McDowell claimed, however, that his attorney's representation was not only deficient, but that it amounted to a constructive denial of the right to counsel at a critical stage of the proceedings such that prejudice is presumed under *United States v. Cronic*, 466 U.S. 648 (1984). *See also VanPatten v. Deppisch*, 434 F.3d 1038 (7th Cir. 2006). The only issue before this court was whether the decisions of the Wisconsin appellate courts rejecting McDowell's claim were contrary to clearly established federal law so as to entitle him to federal relief under 28 U.S.C. § 2254(d).

This court concludes that reasonable jurists could debate whether the petition should have been resolved in a different manner or at least that the issue is sufficiently weighty to deserve further consideration. Accordingly, the request for a certificate of appealability will be granted on the following issue: **Were the state court decisions rejecting petitioner's Sixth Amendment ineffective assistance of counsel claim contrary to clearly established federal law within the meaning of 28 U.S.C. § 2254(d)?**

McDowell has also moved for leave to proceed *in forma pauperis* so that he may avoid paying the appellate filing fee of $455.00 McDowell did not file *in forma pauperis* at the district

2

court level because he paid the $5.00 filing fee for this court. The substantial increase in the filing fee for an appeal makes the current request understandable. Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and states that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have some legal merit, Lee, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

It is clear from McDowell's affidavit that he lacks the funds necessary to pay the required filing fee. It is also clear that his appeal is taken in good faith. I have already concluded that it has sufficient merit that reasonable jurists could disagree with this court's decision or, at the very least, that it deserves further consideration. Accordingly, the motion to proceed *in forma pauperis* will also be granted.

**IT IS THEREFORE ORDERED** that the petitioner's request for a certificate of appealability is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   24th   day of August, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge